UNITED STATES of America,
Plaintiff–Appellee,

and

The Confederated Tribes of the Warm Springs Reservation of Oregon; Confederated Tribes of the Yakima Indian Nation; Confederated Tribes of the Umatilla Indian Reservation; Nez Perce Tribe; and the Shoshone–Bannock Tribes, Plaintiffs–Intervenors–Appellees,

v.

STATE of OREGON; State of Washington, Defendants,

v.

CONFEDERATED TRIBES OF the COLVILLE RESERVATION, Plaintiff–Intervenor–Appellant.

No. 92–35150.

United States Court of Appeals, Ninth Circuit.

Decided Dec. 28, 1994.

Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.

## ORDER

The opinion filed June 23, 1994, 29 F.3d 481, is amended as follows: Insert the following footnote at 29 F.3d page 485, just after the sentence reading "The five tribes with which we are concerned did not move to the Yakima Reservation, but carried out a nomadic existence and subsequently negotiated independent treaties with the government in 1879."

Failure to move onto the reservation is not the determinative factor in deciding whether a group has retained treaty rights. Rather, it is only one consideration relevant to an essentially factual inquiry—*i.e.,* whether a group claiming treaty rights has maintained sufficient political continuity with those who signed the treaty that it may fairly be called the same tribe. *See Washington II,* 641 F.2d at 1372–73.

Delete the following two sentences from 29 F.3d page 485: "The crucial factor which supported our analysis regarding the Muckleshoots, and which distinguishes them from the tribes before us, was that the Muckleshoot Tribe had continuously asserted treaty fishing rights and had always been recognized as the entity possessing these rights. Thus, the continuity of the tribal entity possessing the treaty rights was determinative."